David R. Krause-Leemon, State Bar No. 185719
LUCE, FORWARD, HAMILTON & SCRIPPS LLP          JS-6
601 S. Figueroa, Suite 3900
Los Angeles, California 90017
Telephone No.: 213.892.4992
Fax No.: 213.892.7731
E-Mail:  dkrause-leemon@luce.com

Attorneys for Defendant Federal Deposit Insurance Corporation as Receiver for IndyMac Bank F.S.B.

Ronald S. Sofen, Esq., State Bar No. 062849
GIBBS, GIDEN, LOCHER, TURNER & SENET LLP
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
Telephone No.:  310.552.3400
Fax No.:  310.552.0805
E-Mail: rsofen@gglts.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Professional Pipeline Contractors, Inc.,<br><br>   Plaintiff,<br><br>v.<br><br>Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B.,<br><br>   Defendant. | Case No. CV09-01733 SVW(AGRx)<br><br>The Hon. Stephen V. Wilson<br><br>**STIPULATED JUDGMENT**<br><br>Trial Date:     June 15, 2010<br><br>Courtroom:    6<br><br>Complaint Filed:  March 12, 2009 |

The parties hereto, by and through their counsel, stipulate and agree to entry of judgment in this action as follows:

1.     The real property at issue in this lawsuit (the "Property") is commonly referred to as Joshua Ranch, is generally located in the City of Palmdale, California at the intersection of Avenue P-12 and 25th Street West, and has the specific legal

1  description attached hereto in Exhibits A and B.

2      2.    The mechanic's lien recorded by plaintiff Professional Pipeline Contractors, Inc. ("Plaintiff") on August 4, 2008 in the Los Angeles County Recorder's Office as Document No. 20081394115 shall constitute a lien on the Property in the amount of Two Hundred Ninety-Five Thousand Dollars and No Cents ($295,000.00) with priority relating back to May 1, 2005 (the "Lien").

    3.    Plaintiff shall not and is not required to foreclose on the Lien. The Lien shall have no other priority except as set forth above and shall not be enforceable in any manner in any amount in excess of Two Hundred Ninety-Five Thousand Dollars and No Cents ($295,000.00).

    4.    By virtue of its Lien, Plaintiff shall be entitled to first disbursement of proceeds from any sale of the Property or any portion thereof (e.g., a single lot) after the disbursement of any costs of sale, including but not limited to escrow fees, taxes, title, insurance, document fees, reconveyance fees, broker fees, and real estate sales commissions, (the "Net Sale Proceeds") until the full amount secured by the Lien has been paid to Plaintiff.

    5.    In the event that the Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B., (the "Receiver") chooses to sell only a portion of the Property, and the Net Sale Proceeds of such sale are insufficient to satisfy the entire Lien amount, then the entire Net Sale Proceeds shall be paid to Plaintiff and the amount of the Lien shall be reduced accordingly.

///
///
///
///
///
///
///

6.     Upon receipt of the full amount secured by the Lien, Plaintiff shall issue in form appropriate for recording a full release of its Lien. In the event that only a portion of the Property is sold (e.g., the sale of a single lot), Plaintiff agrees to issue in form appropriate for recording a partial release of its Lien upon receipt of and in an amount equal to the Net Sale Proceeds from such sale.

IT IS SO STIPULATED.

DATED: June 3, 2010        LUCE FORWARD HAMILTON & SCRIPPS LLP

By: _____
David R. Krause-Leemon
Attorneys for Defendant Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B.

DATED: June 3, 2010        GLADSTONE MICHEL WEISBERG WILLNER & SLOANE

By: _____
Jason Wallach
Attorneys for Plaintiff Professional Pipeline Contractors, Inc.

Based upon the foregoing stipulation of the parties,

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: _September 8, 2010      _____
U.S. District Court Judge